**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LORENA RICHARDSON, individually, on behalf of all others similarly situated,

    Plaintiff,

v.

HELP AT HOME, LLC F/K/A HELP AT HOME, INC., AND STATEWIDE HEALTHCARE SERVICES, LLC F/K/A STATEWIDE HEALTHCARE SERVICES, INC. AND D/B/A OXFORD HEALTHCARE,

    Defendants.

Case No.

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Lorena Richardson ("Plaintiff"), individually and on behalf of all others similarly situated (the "FLSA Collective"), by and through her attorneys—Nichols Kaster, PLLP and Cohen Milstein Sellers & Toll, PLLC—bring this action against Defendants Help at Home, LLC f/k/a Help at Home, Inc. and Statewide Healthcare Services, LLC f/k/a Statewide Healthcare Services, Inc. and d/b/a Oxford HealthCare ("Defendants") for failing to pay their home health care workers all of their overtime pay as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Plaintiff states the following as her claims against Defendants:

**JURISDICTION AND VENUE**

1. This action arises under the FLSA, 29 U.S.C. § 201, et seq. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

2. Venue is proper in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because Defendants reside in this District and a majority of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3. Plaintiff is an adult resident of Jackson County, Mississippi.

4. Plaintiff is a licensed practical nurse.

5. Plaintiff was an employee of Defendants, employed from approximately January 2014 to January 2016, as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g).

6. Defendant Help at Home, LLC f/k/a Help at Home, Inc. ("HAH") is an Illinois limited liability company with its principal place of business located at 1 North State Street, Suite 800, Chicago, Illinois 60602. HAH is an employer within the meaning of 29 U.S.C. § 203(d).

7. Statewide Healthcare Services, LLC f/k/a Statewide Healthcare Services, Inc. and d/b/a Oxford HealthCare ("Statewide") is HAH's "sister company."

8. HAH acquired Statewide in May 1996.

9. Statewide is a foreign limited liability company with its principal place of business located at 1 North State Street, Suite 800, Chicago, Illinois 60602. Statewide is an employer within the meaning of 29 U.S.C. § 203(d).

10. HAH and Statewide are commonly owned and operated.

11. HAH and Statewide commonly provide home health care services including homemaker, custodial, and skilled home health care services to elderly and disabled persons in their homes.

12. Together, HAH and Statewide operate over 140 locations in Alabama, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Mississippi, Missouri, South Carolina, and Tennessee and employ over 22,000 employees across the United States.

13. Defendants directly employ nurses including registered nurses, licensed practical nurses, certified nursing assistants, home health aides, and other home health care workers to provide home health care services (together "home health care workers").

14. Defendants' gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

15. Defendants jointly employed or employ Plaintiff and other similarly situated home health care workers.

## FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

16. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

17. Plaintiff and others similarly situated work or worked for Defendants as home health care workers during the past three years.

18. Plaintiff and other similarly situated home health care workers perform home health care services for elderly, disabled, or infirm individuals.

19. Plaintiff and other similarly situated home health care workers are not staffing or frontline supervisors responsible for overseeing other home health care workers and the home health care services Defendants provide to their customers.

20. Defendants compensate Plaintiff and home health care workers for their work with an hourly and/or per diem basis.

21. Defendants suffered and permitted Plaintiff and other similarly situated home health care workers to work more than forty (40) hours per workweek.

22. Defendants had a common policy of not paying Plaintiff and the other similarly situated home health care workers at a rate of one and one-half (1.5) times their regular rate of pay for the overtime hours they worked as required by the FLSA.

23. In calculating Plaintiff's and other similarly situated home health care workers' overtime pay, Defendants only paid them their regular hourly rate (*i.e.*, straight time rate), rather than the legally required one and one-half times their regular rate of pay.

24. For example, during the biweekly workweeks of March 14, 2015 through March 27, 2015, Defendants paid Plaintiff for a total of 101 regular hours at her hourly rate of $17.00 per hour.

25. Defendants willfully operated under a common scheme to deprive Plaintiff and the other similarly situated home health care workers of proper overtime compensation by paying them less than what is required under federal law.

26. As a home health care company operating in Illinois, Mississippi, and elsewhere, Defendants were or should have been aware that Plaintiff and other home health care workers performed work that required proper payment of overtime compensation.

27. Defendants knew that Plaintiff and the other similarly situated home health care workers worked overtime hours without receiving proper overtime pay because Defendants required Plaintiff and the others similarly situated to record and submit records of their work hours.

28. Defendants were aware, or should have been aware, of their unlawful payment practices and recklessly chose to disregard the consequences of their actions.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

30. Plaintiff brings Count I below individually and on behalf of all individuals similarly situated, specifically:

> All home healthcare workers, except staffing or frontline supervisors, who have been employed by Defendants at any time since three years prior to the filing of this Complaint until the date of final judgment in this matter (the proposed "**FLSA Collective**").

31. Plaintiff consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is filed with the Court as Exhibit A to this Complaint. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

32. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendants' records.

33. Plaintiff and the FLSA Collective are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, et seq., and that have caused significant damage to Plaintiff and the FLSA Collective.

34. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

## COUNT I
**Fair Labor Standards Act, 29 U.S.C. § 201, et seq.**
*On Behalf of Plaintiff and the FLSA Collective*

35. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

36. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

37. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiff and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

38. Plaintiff and the FLSA Collective regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate them for all of their overtime hours as required by the FLSA.

39. Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

40. Defendants knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates. *See* 29 U.S.C. § 255.

41. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

42. As a direct and proximate result of these unlawful practices, Plaintiff and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

43. **WHEREFORE**, Plaintiff, individually and on behalf of the proposed FLSA Collective, prays for relief as follows:

a. A finding that Plaintiff and the FLSA Collective are similarly situated;

b. Certification of this case as a collective action pursuant to 29 U.S.C. § 216(b);

c. Authorization for the prompt issuance of notice to all those similarly situated, apprising them of the pendency of this action and providing them with the opportunity to assert timely FLSA claims by filing individual consent forms;

d. Judgment against Defendants for an amount equal to Plaintiff's and the FLSA Collective's unpaid back wages at the applicable overtime rates;

e. A finding that Defendants' violations of the FLSA are willful;

f. An amount equal to Plaintiff's and the FLSA Collective's damages as liquidated damages;

g. All costs and attorneys' fees incurred prosecuting this claim;

h. An award of any pre- and post-judgment interest;

i. Leave to add additional plaintiffs or claims by motion, the filing of written consent forms, or any other method approved by the Court; and

j. All further relief as the Court deems just and equitable.

Dated: January 4, 2017

**COHEN MILSTEIN SELLERS & TOLL, PLLC**

s/Christine E. Webber
Christine E. Webber, IL Bar No. 6208020
Brian Corman, DC Bar No. 1008635*
1100 New York Ave. NW
Fifth Floor
Washington, DC 20005
Telephone (202) 408-4600
Fax (202) 408-4699
cwebber@cohenmilstein.com
bcorman@cohenmilstein.com

Carol V. Gilden
190 South LaSalle Street
Suite 1705
Chicago, IL 60603
Telephone (312) 357-0370
Fax (312) 357-0369
cgilden@cohenmilstein.com
 IL Bar No. 6185530

7

**NICHOLS KASTER, PLLP**
Rachhana T. Srey, MN Bar No. 340133*
Alexander M. Baggio, MN Bar No. 389912*
4600 IDS Center, 80 South 8th Street
Minneapolis, MN 55402
Telephone (612) 256-3200
Fax (612) 215-6870
srey@nka.com
abaggio@nka.com

*ardless*Pro Hac Vice* Motion forthcoming

ATTORNEYS FOR PLAINTIFFS

# EXHIBIT A

## HELP AT HOME, INC.
## PLAINTIFF CONSENT FORM

1. I consent to make a claim under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. against my current/former employer, Help at Home, Inc. and any other related entities or affiliates ("Defendant") to recover overtime pay.

2. During the past three years, there were occasions when I worked over 40 hours per week for Defendant as an hourly home health care worker or other similar position, and did not receive proper compensation for all of my hours worked, including overtime pay.

3. If this case does not proceed collectively, then I also consent to join any subsequent action to assert these claims against Defendant and any other related entities or affiliates.

4. I understand that I may withdraw my consent to proceed with my claims at any time by notifying the attorneys handling the matter.

Date: __12/24/2016__    _____
                        Signature

                        __LORENA T. RICHARDSON__
                        Print Name

REDACTED

**Return this form by fax, email or mail to:**    Nichols Kaster, PLLP, Attn: Rachhana T. Srey
Fax: (612) 338-4878
Email: forms@nka.com
Address: 4600 IDS Center, 80 S. 8th Street, Minneapolis, MN 55402
Web: www.nka.com