UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORENA RICHARDSON, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HELP AT HOME, LLC f/k/a HELP AT HOME, INC., and STATEWIDE HEALTHCARE SERVICES, LLC f/k/a STATEWIDE HEALTHCARE SERVICES, INC. and d/b/a OXFORD HEALTHCARE,<br><br>Defendants. | No. 17 CV 00060<br><br>Judge Manish S. Shah |

**MEMORANDUM OPINION AND ORDER**

Lorena Richardson brings a putative class action against defendants Help at Home, LLC (f/k/a Help At Home, Inc.) and Statewide Healthcare Services, LLC (f/k/a Statewide Healthcare Services, Inc. and d/b/a Oxford Healthcare) for failing to pay home healthcare workers overtime pay as required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. Defendants move to dismiss. For the following reasons, the motion to dismiss is granted in part, denied in part.

**I.    Legal Standards**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations that plausibly suggest a right to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The court must construe all factual allegations as true and draw all reasonable inferences in the plaintiff's favor, but the court need not accept legal conclusions or conclusory allegations. *Id*.

at 678–79. "[D]ocuments that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice" may be considered on a motion to dismiss. *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013); Fed. R. Civ. P. 10(c).

Defendants have attached to their motion to dismiss the affidavit of Joel Davis, the Chief Operating Officer and General Counsel for Help At Home and for Oxford Healthcare. [24-1].[1] With a narrow exception addressed later in this opinion, the affidavit is not considered because it is outside Richardson's complaint.

## II. Background[2]

Plaintiff Lorena Richardson is a licensed practical nurse. She alleges that from January 2014 to January 2016, she was employed by Help at Home, LLC (f/k/a Help At Home, Inc.) and Statewide Healthcare Services, LLC (f/k/a Statewide Healthcare Services, Inc. and d/b/a Oxford Healthcare). Help At Home acquired Oxford Healthcare in 1996. Defendants operate over 140 locations is several states and employ over 22,000 employees across the country. They provide home healthcare services, including homemaker, custodial, and skilled home healthcare services to elderly and disabled persons. Defendants' gross annual sales made or business done has been $500,000 per year or greater.

To provide home healthcare services, defendants employ registered nurses, licenses practical nurses, certified nursing assistants, home health aides, and other

---

[1] Bracketed numbers refer to entries on the district court docket.

[2] The allegations from the complaint, [1], are taken as true at this stage of the proceedings, with one exception discussed below.

home healthcare workers. Richardson and other home healthcare workers are compensated on an hourly or per diem basis. Defendants allowed plaintiff and others to work more than forty hours per week but only paid them their regularly hourly rate.

Richardson brings this putative class action on behalf of herself and a proposed "FLSA Collective" including: "[a]ll home healthcare workers, except staffing or frontline supervisors, who have been employed by Defendants at any time since three years prior to the filing of this Complaint until the date of final judgment in this matter." [1] ¶ 30.

## III. Analysis

The FLSA requires an employer to pay overtime wages of time and a half of regular pay to employees working more than forty hours per week. 29 U.S.C. § 207(a)(1). Defendants argue that Richardson's FLSA claim fails because Help At Home was not Richardson's employer either as an enterprise with Oxford Healthcare or as a joint employer. Defendants also argue that Richardson's FLSA claim fails because her proposed class includes registered nurses exempt from the FLSA's overtime provisions.

### A. Help At Home

Richardson pleads that she was an employee of both defendants from 2014 to 2016. [1] ¶ 5. Oxford Healthcare does not dispute that it employed Richardson. Citing to Davis's affidavit, defendants argue that Richardson never actually worked for Help At Home. Defendants also argue that Oxford Healthcare and Help At Home are a not an "enterprise" or joint employers under the FLSA. Richardson does

3

not deny that she never worked for Help At Home. Instead, she contends that the two companies may be grouped together as an "enterprise" for determining FLSA liability. Richardson does not respond to defendants' arguments that Help At Home is not joint employer of Richardson.

In wrangling over whether defendants are an "enterprise" and whether they are joint employers, the parties conflate two separate issues: FLSA coverage and FLSA liability. For the FLSA to be applicable, an employee must show that the defendants are obligated to conform to the FLSA's overtime wage requirements (i.e., "coverage"). To do this, the employee must show either: (1) "individual" coverage, meaning that she is "engaged in commerce or in the production of goods for commerce," or (2), "enterprise" coverage, meaning that she is "employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1); *see Tony & Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 295 n.8 (1985) ("Employment may be covered under the Act pursuant to either 'individual' or 'enterprise' coverage.").[3]

An "enterprise" refers to the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose, and includes all such activities whether performed in one or more establishments or by one or more corporate or other organizational units. 29 U.S.C.

---

[3] The Seventh Circuit has suggested, but not yet held, that the failure to show individual or enterprise coverage under the FLSA is an ordinary failure to meet a statutory requirement, not a defect of subject matter jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855 n.1 (7th Cir. 1999).

§ 203(r)(1). An "enterprise" must have an annual gross volume of sales made or business done of not less than $500,000. 29 U.S.C. § 203(s)(1)(A)(ii). Two companies can constitute a single "enterprise" for enterprise coverage under the FLSA. For example, if one company does not meet the revenue requirement but is part of an "enterprise" with another company that meets the requirement, both companies must conform to the FLSA's requirements under enterprise coverage. *See, e.g., Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 915 (9th Cir. 2003). But whether two companies constitute a single enterprise for FLSA coverage and whether they are liable as joint employers under § 207 are technically separate issues. *Id.* at 917 (citing *Patel v. Wargo*, 803 F.2d 632, 637 (11th Cir. 1986)). "The finding of an enterprise is relevant only to the issue of coverage. Liability is based on the existence of an employer-employee relationship." *Patel*, 803 F.2d at 637.

Defendants argue that they are not a single enterprise under the FLSA and therefore Help At Home cannot be liable for Richardson's employment at Oxford Healthcare. But defendants do not dispute that they are obligated to conform to the FLSA's overtime requirements in general. They do not argue that either company, alone, is not engaged in commerce or does not meet the $500,000 threshold for enterprise coverage under the FLSA. Because enterprise coverage is relevant only to the issue of coverage, not liability, and because defendants are challenging FLSA liability, not FLSA coverage, the parties' arguments as to whether the defendants form a single enterprise are irrelevant to liability and to defendants' motion to dismiss.

5

Defendants do argue, however, that Help At Home is not a "joint employer" of Richardson. To qualify as an employee for purposes of the FLSA, one must perform "work" for an "employer." *Berger v. National Collegiate Athletic Ass'n*, 843 F.3d 285, 290 (7th Cir. 2016) (citing 29 U.S.C. §§ 203(e)(1), 203(g)). Under the FLSA, the plaintiff bears the burden of establishing that she performed work for an employer and is therefore entitled to compensation. *Id*. To survive a motion to dismiss, an FLSA plaintiff must allege facts, taken as true, establishing that she was an employee and performed work for the defendants. *Id*. The test for joint employer liability is to look at all facts surrounding the defendant's supervision of the employee and determine whether the defendant exercised control and authority over the employee in a manner that caused the FLSA violation (at least in part). *Schneider v. Cornerstone Pints, Inc.*, 148 F.Supp.3d 690, 698 (N.D. Ill. 2015).

Citing to Davis's affidavit, defendants contend that Richardson never worked for Help At Home and that she was only employed by Oxford Healthcare. Typically, Davis's affidavit would not be considered in resolving a motion to dismiss under Rule 12(b)(6). But here, while objecting to the Davis affidavit in general, Richardson does not deny that she only worked for Oxford Healthcare. In this instance, her silence is problematic, because the allegation of joint employment in her complaint is conclusory and need not be accepted.

While a covered employee can have more than one employer at a time, *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Richardson fails to sufficiently allege that she performed work for Help At Home. Besides the bare allegation that she "was an

6

employee of Defendants," [1] ¶ 5, her complaint is devoid of any allegations to support a theory of joint liability as to Help At Home. She also fails to respond to defendants' arguments that Help At Home is not a "joint employer" under the FLSA and therefore cannot be liable to her under the FLSA. Her only argument is that she pled "enterprise liability." But enterprise coverage is distinct from employer liability. *See Patel*, 803 F.2d at 637. By failing to respond, Richardson forfeits any argument as to joint employer liability. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("[A] litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss."). Given Richardson's silence in response to Help At Home's assertion that she was never an employee, her failure to allege any details to support a theory of joint employer liability against Help At Home, and her failure to respond to defendants' arguments on joint employer liability, Richardson does not state an FLSA claim against Help At Home.

B. **Exemption Defense**

Defendants also argue that Richardson's FLSA claim should be dismissed because her putative class includes registered nurses exempt from the FLSA's over time requirements. As a threshold matter, whether some of the putative class members are exempt under the FLSA is not a question appropriately before this court at the motion to dismiss stage, for two reasons. First, defendants have filed a motion to dismiss under Rule 12(b)(6), not a motion opposing class certification under Rule 23 (and Richardson has not yet filed a motion for class certification). *See* 7B Wright & Miller Fed. Practice & Procedure Civil § 1798 (3d ed.) ("Compliance with the Rule 23 prerequisites theoretically should not be tested by a motion to

7

dismiss for failure to state a claim or by a summary-judgment motion. The proper vehicle is Rule 23(c)(1)(A).").[4] Moreover, at this time, only Richardson's FLSA claim is before the court, not her collective class definition. Richardson is a licensed practical nurse, and defendants concede that licensed practical nurses are not exempt from the FLSA. Richardson's FLSA claim against Oxford Healthcare is not dismissed.

## IV. Conclusion

Defendants' motion to dismiss, [23], is granted in part, denied in part. Help At Home is dismissed as a defendant.

ENTER:

*[signature]*

Manish S. Shah
United States District Judge

Date: 5/15/2017

---

[4] Even considering this argument on its merits, an exemption is an affirmative defense for the employer to prove. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974). "[A] plaintiff ordinarily need not anticipate and attempt to plead around affirmative defenses," and dismissal on an affirmative defense is only appropriate when a plaintiff pleads herself out of court on the face of the complaint. *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). Richardson did not plead herself out of court on an exemption defense. Determining whether an employee is exempt from the FLSA "requires a thorough, fact-intensive analysis of the employee's employment duties and responsibilities." *Schaefer-LaRose v. Eli Lilly & Co.*, 679 F.3d 560, 572 (7th Cir. 2012). While Richardson alleges that defendants employ registered nurses as home healthcare workers and includes those registered nurses in her putative class, the requirements for a professional capacity exemption are not clearly met on the face of the complaint. She alleges that she and the other home healthcare workers were paid on an hourly or per diem basis. [1] ¶ 20. The complaint does not allege that any home healthcare workers met the salary requirement for an FLSA exemption. *See* 29 C.F.R. § 541.300. Whether the home healthcare workers' duties required, in some instances, the advanced knowledge of a registered nurse is not pled in the complaint either. *See* 29 C.F.R. § 541.301(a).