UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LORENA RICHARDSON, individually, on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HELP AT HOME, LLC F/K/A HELP AT HOME, INC., AND STATEWIDE HEALTHCARE SERVICES, LLC F/K/A STATEWIDE HEALTHCARE SERVICES, INC. AND D/B/A OXFORD HEALTHCARE,<br><br>    Defendants. | Case No. 1:17-cv-00060<br>Hon. Manish S. Shah<br>Magistrate: Hon. Jeffrey T. Gilbert |

**OXFORD'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

Defendant, STATEWIDE HEALTHCARE SERVICES, LLC, f/k/a STATEWIDE HEALTHCARE SERVICES, INC., d/b/a OXFORD HEALTHCARE ("Oxford"), through its attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, for its Answer and Affirmative Defenses to Plaintiff's Collective Action Complaint ("Complaint"), states as follows:

**JURISDICTION AND VENUE**

1. This action arises under the FLSA, 29 U.S.C. § 201, et seq. The Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

**ANSWER:** Oxford admits that Plaintiff purports to plead an FLSA claim but denies her qualifications to do so. Oxford admits the remainder of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Venue is proper in the United States District Court, Northern District of Illinois, pursuant to 28 U.S.C. § 1391, because Defendants reside in this District and a majority of the events or omissions giving rise to the claims occurred in this District.

**ANSWER:** **Oxford admits that Plaintiff asserts venue in this district but denies that a cause of action exists.**

## PARTIES

3. Plaintiff is an adult resident of Jackson County, Mississippi.

**ANSWER:** **Oxford lacks information sufficient to either admit or deny the allegation contained in Paragraph 3 of Plaintiff's Complaint.**

4. Plaintiff is a licensed practical nurse.

**ANSWER:** **Oxford admits the allegation contained in Paragraph 4 of Plaintiff's Complaint.**

5. Plaintiff was an employee of Defendants, employed from approximately January 2014 to January 2016, as defined by the FLSA, 29 U.S.C. § 203(e)(1) and (g).

**ANSWER:** **Oxford admits that Plaintiff was its employee but denies that Plaintiff was Help At Home's employee. Further answering, as Help At Home was dismissed from this action, any allegations directed against or involving Help At Home are moot.**

6. Defendant Help at Home, LLC f/k/a Help at Home, Inc. ("HAH") is an Illinois limited liability company with its principal place of business located at 1 North State Street, Suite 800, Chicago, Illinois 60602. HAH is an employer within the meaning of 29 U.S.C. § 203(d).

**ANSWER:** **Oxford denies that Help At Home is an employer within the meaning of 29 U.S.C. § 203(d) but admits the remainder of the allegations contained in Paragraph 6 of Plaintiff's Complaint.**

7. Statewide Healthcare Services, LLC f/k/a Statewide Healthcare Services, Inc. and d/b/a Oxford HealthCare ("Statewide") is HAH's "sister company."

**ANSWER:** **Oxford admits the allegations contained in Paragraph 7 of Plaintiff's Complaint.**

8. HAH acquired Statewide in May 1996.

**ANSWER:** **Oxford admits that Help At Home is a sister LLC, but denies that Help At Home owns Oxford.**

9. Statewide is a foreign limited liability company with its principal place of business located at 1 North State Street, Suite 800, Chicago, Illinois 60602. Statewide is an employer within the meaning of 29 U.S.C. § 203(d).

**ANSWER:** **Oxford denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.**

10. HAH and Statewide are commonly owned and operated.

**ANSWER:** **Oxford admits that Help At Home and Oxford are sister LLCs that maintain separate books, records, and accounts.**

11. HAH and Statewide commonly provide home health care services including homemaker, custodial, and skilled home health care services to elderly and disabled persons in their homes.

**ANSWER:** **Oxford admits that it commonly provides home health care services but denies that it employs any purported class members in the states served by Help At Home.**

12. Together, HAH and Statewide operate over 140 locations in Alabama, Georgia, Illinois, Indiana, Iowa, Kansas, Kentucky, Michigan, Mississippi, Missouri, South Carolina, and Tennessee and employ over 22,000 employees across the United States.

**ANSWER:** **Oxford admits that Help At Home and Oxford operate offices in the above states but denies that they each do business in all of them.**

13. Defendants directly employ nurses including registered nurses, licensed practical nurses, certified nursing assistants, home health aides, and other home health care workers to provide home health care services (together "home health care workers").

**ANSWER:** **Oxford admits the allegations contained in Paragraph 13 of Plaintiff's Complaint.**

14. Defendants' gross annual sales made or business done has been $500,000 or greater per year at all relevant times.

**ANSWER:** **Oxford admits the allegations contained in Paragraph 14 of Plaintiff's Complaint.**

15. Defendants jointly employed or employ Plaintiff and other similarly situated home health care workers.

**ANSWER:** **Oxford denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.**

### FACTUAL ALLEGATIONS RELATED TO ALL CLAIMS

16. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

**ANSWER:** **Oxford re-alleges and incorporates its Answers to Paragraphs 1 to 15 of Plaintiff's Complaint as though fully set forth herein.**

17. Plaintiff and others similarly situated work or worked for Defendants as home health care workers during the past three years.

**ANSWER:** **Oxford admits that Plaintiff and others similarly situated worked for Oxford during the past three (3) years.**

18. Plaintiff and other similarly situated home health care workers perform home health care services for elderly, disabled, or infirm individuals.

**ANSWER:** **Oxford admits the allegations contained in Paragraph 18 of Plaintiff's Complaint.**

19. Plaintiff and other similarly situated home health care workers are not staffing or frontline supervisors responsible for overseeing other home health care workers and the home health care services Defendants provide to their customers.

**ANSWER:** **Oxford admits the allegations contained in Paragraph 19 of Plaintiff's Complaint.**

20. Defendants compensate Plaintiff and home health care workers for their work with an hourly and/or per diem basis.

4837-4987-2709.1

4

**ANSWER:** **Oxford admits the allegations contained in Paragraph 20 of Plaintiff's Complaint.**

21. Defendants suffered and permitted Plaintiff and other similarly situated home health care workers to work more than forty (40) hours per workweek.

**ANSWER:** **Oxford denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.**

22. Defendants had a common policy of not paying Plaintiff and the other similarly situated home health care workers at a rate of one and one-half (1.5) times their regular rate of pay for the overtime hours they worked as required by the FLSA.

**ANSWER:** **To the extent Plaintiff and other similarly situated home health care workers are entitled to 1.5 times regular pay for overtime, Oxford denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.**

23. In calculating Plaintiff's and other similarly situated home health care workers' overtime pay, Defendants only paid them their regular hourly rate (i.e., straight time rate), rather than the legally required one and one-half times their regular rate of pay.

**ANSWER:** **To the extent Plaintiff and other similarly situated home health care workers are entitled to 1.5 times regular pay for overtime, Oxford denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.**

24. For example, during the biweekly workweeks of March 14, 2015 through March 27, 2015, Defendants paid Plaintiff for a total of 101 regular hours at her hourly rate of $17.00 per hour.

**ANSWER:** **To the extent Plaintiff is entitled to 1.5 times regular pay for overtime, Oxford denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.**

25. Defendants willfully operated under a common scheme to deprive Plaintiff and the other similarly situated home health care workers of proper overtime compensation by paying them less than what is required under federal law.

**ANSWER:** **Oxford denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.**

26. As a home health care company operating in Illinois, Mississippi, and elsewhere, Defendants were or should have been aware that Plaintiff and other home health care workers performed work that required proper payment of overtime compensation.

**ANSWER:** **Oxford denies that it was operating in Illinois, denies that Help At Home was operating in Mississippi, and denies that Plaintiff and other home health care workers were paid less than what they were owed.**

27. Defendants knew that Plaintiff and the other similarly situated home health care workers worked overtime hours without receiving proper overtime pay because Defendants required Plaintiff and the others similarly situated to record and submit records of their work hours.

**ANSWER:** **Oxford admits that recording and submitting time worked is required but denies the remainder of the allegations contained in Paragraph 27 of Plaintiff's Complaint.**

28. Defendants were aware, or should have been aware, of their unlawful payment practices and recklessly chose to disregard the consequences of their actions.

**ANSWER:** **Oxford denies that any such unlawful payment practices occurred.**

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

**ANSWER:** **Oxford re-alleges and incorporates its Answers to Paragraphs 1 to 28 of Plaintiff's Complaint as though fully set forth herein.**

30. Plaintiff brings Count I below individually and on behalf of all individuals similarly situated, specifically:

> All home healthcare workers, except staffing or frontline supervisors, who have been employed by Defendants at any time since three years prior to the filing of this Complaint until the date of final judgment in this matter (the proposed "**FLSA Collective**").

**ANSWER:** **Oxford admits that Plaintiff brings Count I individually and on behalf of all individual similarly situated but denies that they are entitled to any relief.**

31. Plaintiff consents in writing to assert her claims for unpaid wages under the FLSA pursuant to 29 U.S.C. § 216(b). Plaintiff's signed consent form is filed with the Court as Exhibit A to this Complaint. As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

**ANSWER:** **Oxford admits the allegations contained in Paragraph 31 of Plaintiff's Complaint but denies that Plaintiff and similarly situated individuals are entitled to any relief.**

32. Members of the proposed FLSA Collective are known to Defendants and are readily identifiable through Defendants' records.

**ANSWER:** **Oxford denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.**

33. Plaintiff and the FLSA Collective are all victims of Defendants' widespread, repeated, systematic, and consistent illegal policies that have resulted in willful violations of their rights under the FLSA, 29 U.S.C. § 201, et seq., and that have caused significant damage to Plaintiff and the FLSA Collective.

**ANSWER:** **Oxford denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.**

34. These individuals would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join by filing their written consent.

**ANSWER:** **Oxford denies the allegations contained in Paragraph 34 of Plaintiff's Complaint and denies that these individuals are entitled to any relief.**

**COUNT I**
**Fair Labor Standards Act, 29 U.S.C. § 201, et seq.**
*On Behalf of Plaintiff and the FLSA Collective*

35. Plaintiff, individually and on behalf of the FLSA Collective, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

**ANSWER:** **Oxford re-alleges and incorporates its Answers to Paragraphs 1 to 34 of Plaintiff's Complaint as though fully set forth herein.**

36. Defendants are an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1), and are engaged in commerce within the meaning of the FLSA, § 203(b), (s)(1).

**ANSWER:** **Oxford denies the allegations contained in Paragraph 36 of Plaintiff's Complaint.**

37. The FLSA requires covered employers like Defendants to pay non-exempt employees like Plaintiff and the FLSA Collective no less than one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

**ANSWER:** **Oxford admits the FLSA so requires but denies that Plaintiff and the FLSA Collective are uniformly non-exempt.**

38. Plaintiff and the FLSA Collective regularly worked more than forty (40) hours per week for Defendants, but Defendants did not properly compensate them for all of their overtime hours as required by the FLSA.

**ANSWER:** **Oxford denies the allegations contained in Paragraph 38 of Plaintiff's Complaint.**

39. Defendants did not and have not made a good-faith effort to comply with the FLSA as it relates to the compensation of Plaintiff and the FLSA Collective.

**ANSWER:** **Oxford denies the allegations contained in Paragraph 39 of Plaintiff's Complaint.**

40. Defendants knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and they willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates. See 29 U.S.C. § 255.

**ANSWER:** **Oxford denies the allegations contained in Paragraph 40 of Plaintiff's Complaint.**

41. Defendants' willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for time worked violates the FLSA. 29 U.S.C. § 207.

**ANSWER:** **Oxford denies the allegations contained in Paragraph 41 of Plaintiff's Complaint.**

42. As a direct and proximate result of these unlawful practices, Plaintiff and the FLSA Collective suffered and continue to suffer wage loss and are therefore entitled to recover unpaid overtime wages for up to three years prior to the filing of their claims, liquidated damages or prejudgment interest, attorneys' fees and costs, and such other legal and equitable relief as the Court deems just and proper.

**ANSWER: Oxford denies the allegations contained in Paragraph 42 of Plaintiff's Complaint.**

43. **In response to Plaintiff's Prayer for Relief, Oxford states that she and similarly situated individuals are not entitled to the relief requested, or any relief whatsoever.**

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Oxford acted in good faith and with reasonable grounds for believing it was not in violation of the FLSA.

3. Plaintiff's claims brought on behalf of herself and putative members of the purported class are barred or limited by the applicable statutes of limitations.

4. Plaintiff's claims are barred under the doctrines of waiver, laches, ratification, or unclean hands.

5. Oxford has no knowledge of, and should not have any knowledge of, alleged uncompensated work by Plaintiff or putative members of the purported class, and Oxford did not authorize, require, request, suffer, or permit such activity by Plaintiff or putative members of the purported class.

WHEREFORE, having fully answered Plaintiff's Collective Action Complaint, Defendant, STATEWIDE HEALTHCARE SERVICES, LLC, f/k/a STATEWIDE HEALTHCARE SERVICES, INC., d/b/a OXFORD HEALTHCARE respectfully requests:

    a.  That this Honorable Court dismiss the Complaint and enter a judgment in Oxford's favor;

    b.  That all costs of this action, including attorneys' fees, be taxed against Plaintiff; and,

    c.  That this Honorable Court grant Oxford other and further relief as is just and adequate.

            Respectfully submitted,

            LEWIS BRISBOIS BISGAARD & SMITH LLP

            By: /s/Daniel K. Cetina
               One of Its Attorneys

Siobhán M. Murphy (ARDC No. 6207431)
John J. Michels, Jr. (ARDC No. 6278877)
Dawn L. Johnson (ARDC No. 6243191)
Daniel K. Cetina (ARDC No. 6320423)
LEWIS BRISBOIS BISGAARD & SMITH LLP
550 West Adams Street, Suite 300
Chicago, Illinois 60661
312.345.1718 / Fax: 312.345.1778